## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YERSTER FERNANDO ULLOA,** | Civil Action No. 25-17316 (SDW) |
| **Petitioner,** | |
| v. | **OPINION** |
| **PAMELA BONDI, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Yerster Fernando Ulloa, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Otay Mesa Detention Center, California ("Otay Mesa"). (ECF No. 1).

2. Respondents Attorney General Pamela Bondi, Department of Homeland Security ("DHS") Secretary Kristi Noem, Acting ICE Director Todd M. Lyons, and Delaney Hall Detention Facility ("Delaney Hall") Warden Luis Soto oppose the Petition. (ECF No. 4).

3. Petitioner is a citizen of Honduras. (ECF No. 1 at 10). He entered the United States without inspection or parole on or about April 16, 2019. (ECF No. 4 at 1). Petitioner was 14-years old when he arrived in the United States, and he was granted Special Immigrant Juvenile ("SIJ") status in June 2022. (ECF No. 1 at 2, 12).

4. DHS arrested Petitioner on November 3, 2025. (*Id.* at 4). ICE charged Petitioner with removability pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without admission or parole. (ECF No. 4 at 1). He was detained in Delaney Hall, New Jersey. (*Id.*)

5. Petitioner filed his Petition on November 7, 2025, arguing that DHS incorrectly determined that he was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and denied him a bond hearing in violation of 8 U.S.C. § 1226(a). (ECF No. 1 at 7.) Petitioner was transferred to Otay Mesa that same day. (ECF No. 4 at 2 n.2).

6. This Court ordered Respondents to answer the Petition on November 12, 2025. (ECF No. 2).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition,[1] and he asserts that his continued detention violates due process. Therefore, this Court has jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement); *see also Khalil v. Joyce*, 777 F. Supp. 3d 369, 393 (D.N.J. 2025) ("[A] habeas court that otherwise has jurisdiction over a case does not lose that jurisdiction just because the habeas petitioner has been moved out of the district.").

9. Petitioner asserts Respondents incorrectly determined that he is subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 1 at 6). Instead, Petitioner asserts that his detention can only be justified pursuant to 8 U.S.C. § 1226(a),

---

[1] Respondents agree that Petitioner was detained in Delaney Hall at the time the Petition was filed. (ECF No. 4 at 2).

which would entitle him to an individualized assessment for release by an immigration judge. (*Id.* at 8).

10. Respondents assert that "Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2) because he is a noncitizen who entered the United States without inspection or parole who was detained by immigration authorities without having been lawfully admitted. Consequently, it is ICE's position that Petitioner is an 'applicant for admission' who is not entitled to a bond hearing." (ECF No. 4 at 3). In making this argument, Respondents rely on a recent Board of Immigration Appeals ("BIA") opinion that divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to § 1225(b). (*Id.* at 4 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)).

11. This Court has rejected Respondents' arguments in several recent cases concerning the distinction between § 1225(b) detention and § 1226(a) detention. *See, e.g., Guaman Naula v. Noem*, No. 25-cv-16792, 2025 WL 3158490 (D.N.J. Nov. 12, 2025); *Patel v. Almodovar*, No. 25-cv-15345, 2025 WL 3012323 (D.N.J. Oct. 28, 2025).[2] Respondents acknowledge these decisions and that this matter has similar facts to *Guaman Naula* and *Patel*. (ECF No. 4 at 3-4).

12. This Court agrees and concludes that Petitioner's mandatory detention pursuant to § 1225(b)(2)(A) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing. At said bond hearing, Respondents shall bear the burden to justify

---

[2] "The line historically drawn between these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 221 (D. Mass. 2025) (citing *Jennings v. Rodriguez,* 583 U.S. 281, 288-89 (2018)).

Petitioner's detention by clear and convincing evidence. *German Santos v. Warden Pike Cnty. Corr. Fac.*, 965 F.3d 203, 213 (3d Cir. 2020).

13. An appropriate order follows.

                                                              Hon. Susan D. Wigenton,
United States District Judge
Dated: December 3, 2025